UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARIA ROSAS,<br><br>            Plaintiff,<br><br>    v.<br><br>NFI INDUSTRIES, AKA NATIONAL DISTRIBUTION CENTERS LLC; and DOES 1 through 50, inclusive<br><br>            Defendants. | No. 2:21-cv-00046 WBS CKD<br><br>ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff Maria Rosas brought this action against defendant National Distribution Centers LLC[1] ("defendant" or "NDC") in the California Superior Court for the County of San Joaquin, alleging numerous violations of California state

---

[1] Defendant states in its Notice of Removal (Docket No. 1) and its opposition to plaintiff's motion to remand (Docket No. 6) that it was erroneously named in plaintiff's complaint as "NFI Industries, aka National Distribution Centers LLC." Plaintiff does not dispute defendant's assertion that she misnamed defendant in her complaint or that National Distribution Centers LLC in fact employed plaintiff. (See Pl.'s Mot. to Remand (Docket No. 3).)

1

employment anti-discrimination laws.  (See Pl.'s Compl. ("Compl.") (Docket No. 1-1).)  Defendant removed the action to this court on January 8, 2021 on the basis of diversity of citizenship.  (See Notice of Removal (Docket No. 1)); 28 U.S.C. §§ 1332, 1441, 1446.  Plaintiff now moves to remand this action to the California Superior Court for the County of San Joaquin. (See Pl.'s Mot. to Remand ("Mot. to Remand") (Docket No. 3).)

I.  Factual and Procedural Background

Plaintiff worked for NDC from February 26, 2017 to July 23, 2020 as a customer service representative.  (See Compl. ¶ 15.)  Plaintiff alleges that her supervisors constantly criticized and harassed her at work, while favorably treating other employees whom they had referred and/or hired, creating a hostile work environment.  (See Compl. ¶¶ 17-20.)  Plaintiff further alleges that she was wrongfully terminated on July 23, 2020 after she took a leave of absence and complained to Human Resources about her supervisors' conduct.  (See id. at ¶¶ 21-22.) Plaintiff's complaint contains eight claims for violations of the California Family Rights Act, violations of the California Fair Employment and Housing Act ("FEHA"), wrongful constructive termination in violation of California public policy, violations of Labor Code § 1102.5, and intentional infliction of emotional distress, all directed against NDC.  (See id. at ¶¶ 2-4, 24-78.)

Plaintiff alleges that she was at all relevant times, and still is, a resident of the State of California.  (See id. at ¶ 2.)  NDC is a limited liability company ("LLC") whose sole owner is NFI, LP.  (See Decl. of Sarah E. Pontoski ("Pontoski Decl.") ¶ 4 (Docket No. 1-8).)  NFI, LP has four partners, three

1  of which are traditional trusts and one of which, NFI GP, LLC, is
2  a Delaware LLC.  (Id. at ¶ 5.)  NFI GP, LLC has three members:
3  Sidney R. Brown, who is domiciled in and a citizen of
4  Pennsylvania; Irwin J. Brown, who is domiciled in and a citizen
5  of Texas; and Jeffrey S. Brown, who is domiciled in and a citizen
6  of New Jersey.  (Id. at ¶ 6.)
7           The Sidney R. Brown 2009 GST Exempt Family Trust Dated
8  November 30, 2009 is formed under the laws of the state of New
9  Jersey, and its two trustees, Sandra Brown and Scott Brucker, are
10 domiciled in and citizens of Pennsylvania.  (Id. at ¶ 7.)  The
11 Jeffery S. Brown 2015 GST Exempt Trust is formed under the laws
12 of the state of New Jersey, and its two trustees, Daniel Cooper
13 and Tracy Brown, are domiciled in and citizens of Pennsylvania
14 and New Jersey.  (Id.)  The Irwin J. Brown 2015 GST Exempt Family
15 Trust is formed under the laws of the state of Texas, and its
16 trustee, Scott Brucker, is domiciled in and a citizen of
17 Pennsylvania.  (Id.)
18 II.  Legal Standard
19           "[A]ny civil action brought in a State court of which
20 the district courts of the United States have original
21 jurisdiction, may be removed by the defendant or the defendants,
22 to the district court of the United States for the district . . .
23 where such action is pending."  28 U.S.C. § 1441(a).  However, if
24 "it appears that the district court lacks subject matter
25 jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).
26 On a motion to remand, the defendant bears the burden of showing
27 by a preponderance of the evidence that federal jurisdiction is
28 appropriate.  Geographic Expeditions, Inc. v. Estate of Lhotka,

599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

III. Discussion

        Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  To satisfy the requirements for complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

        For diversity purposes, an individual's citizenship is determined by his or her domicile.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed."  Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

        For removal purposes, an LLC is a citizen of all states where its members and/or owners are citizens.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Similarly, the citizenship of a limited partnership is determined by the citizenship of its partners.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).  The citizenship of traditional trusts is based on the citizenship of their trustee or trustees.  Johnson, 437 F.3d at 899.  Here, plaintiff alleges that she was, at all relevant times, and still is, a resident of

4

California.  (See Compl. ¶ 2.)  The court therefore concludes that plaintiff is a citizen of California for the purposes of establishing diversity jurisdiction.

Plaintiff's complaint names only one defendant, NDC. (See Compl. ¶ 3.)  According to a declaration attached to defendant's Notice of Removal, filed by the associate general counsel of NFI Management Services, an affiliate entity to NDC, NDC is an LLC whose sole member is NFI, LP.  (See Pontoski Decl. ¶¶ 2-4.)  Because the Pontoski declaration also shows that the four partners that make up NFI, LP are each traditional trusts whose trustees live outside of California (see id. at ¶¶ 5-7), or, in the case of NFI GP, LLC, a Delaware LLC whose three members all live outside of California (see id.), defendant argues that none of the entities that make up NDC are citizens of California for the purposes of diversity jurisdiction, and, thus, complete diversity of citizenship exists.  See Johnson, 437 F.3d at 899; Carden, 494 U.S. at 195-96.

Plaintiff does not dispute any of the information presented in the Pontoski Declaration, or argue that the amount in controversy is less than $75,000.  (See generally Pl.'s Mot. to Remand.)  Rather, plaintiff argues that complete diversity of citizenship does not exist for two reasons.  First, plaintiff argues that the traditional trusts that are partners of NFI, LP should be considered "unincorporated associations" for the purposes of establishing diversity jurisdiction and, therefore, the citizenship of each of their members (as opposed to the citizenship of their trustees) must be used to determine their citizenship.  (See Pl.'s Mot. to Remand at 7-8.)  Second,

1  plaintiff argues that, even if the court finds that complete
2  diversity of citizenship exists between defendant and plaintiff,
3  plaintiff was "in [the] process [of] naming DOE 1 and 2 when
4  [defendant] filed its Notice of Removal." (See id. at 2, 4.)
5  Because the two fictitious defendants, whom plaintiff identifies
6  in her motion as Angela Brown and Nathan Sorenson, are California
7  residents, plaintiff argues that they destroy diversity and thus
8  that the court must remand this action to state court. (See id.)
9  The court will address each argument in turn.

10        A.    Citizenship of the Traditional Trusts
11              Plaintiff's first argument relies primarily on the
12  Supreme Court's decision in Carden v. Arkoma Associates. There,
13  the Supreme Court held that "diversity jurisdiction in a suit by
14  or against" artificial entities other than corporations "depends
15  on the citizenship of 'all the members . . . the several persons
16  composing such association.'" Carden, 494 U.S. at 195 (internal
17  citations omitted) (quoting Chapman v. Barney, 129 U.S. 677, 682
18  (1889); Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S.
19  449, 456 (1900)). Plaintiff argues that trusts are one of the
20  artificial entities included in Carden's holding, and, therefore,
21  that the citizenship of the trusts that make up defendant must be
22  determined by looking to the "citizenship of the bondholders
23  rather than that of the Trustees." (See Mot. to Remand at 8.)
24              However, the Ninth Circuit has made it clear that
25  Carden does not apply to traditional trusts; rather, to analyze
26  the citizenship of a traditional trust for the purposes of
27  diversity jurisdiction, courts must look to the citizenship of
28  the trustee or trustees, not the beneficiaries. See Demarest v.

1  HSBC Bank USA, N.A. as Tr. for Registered Holders of Nomura Home
2  Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2,
3  920 F.3d 1223, 1227 (9th Cir. 2019).  As the Ninth Circuit
4  explained, the Supreme Court has established a different rule for
5  entities like so-called "real-estate investment trusts" ("REITs")
6  and other artificial entities created by state law, which may
7  share the name "trust" but have little in common with the
8  traditional trust entity that establishes a fiduciary
9  relationship between the trustee and one or more beneficiaries.
10 Id. at 1227-28 (citing Americold Realty Trust v. Conagra Foods,
11 Inc., 136 S. Ct. 1012, 1014 (2016)).  For the purposes of
12 diversity jurisdiction, REITs and other similar unincorporated
13 entities' "members include [their] shareholders." Id. (quoting
14 Americold, 136 S. Ct. at 1014).  But this rule does not apply to
15 traditional trusts, which still must be analyzed according to the
16 citizenship of their trustees.  Id.

17         Plaintiff does not dispute that the three trusts which
18 make up NFI, LP are traditional trusts.  (See Pl.'s Mot. for
19 Remand at 4.)  Rather, plaintiff contends that Americold's rule
20 should be extended to traditional trusts.  (See id.)  Plaintiff
21 does not cite any authority in support of this contention beyond
22 cases from the Eleventh Circuit, which, in any event, all involve
23 non-traditional and business entities similar to the REITs at
24 issue in Americold.  See, e.g., Riley v. Merrill Lynch, Pierce,
25 Fenner & Smith, Inc., 292 F.3d 1334 (11th Cir. 2002) (holding
26 that a business trust would be deemed, for diversity purposes, a
27 citizen of each state in which it had at least one shareholder).
28         Controlling Ninth Circuit precedent requires that this

court look to the citizenship of the trustee or trustees of each the trusts that make up NFI, LP.  See Demarest, 920 F.3d at 1230 ("In short, [the rule set out in Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894 (9th Cir. 2006)] remains good law when applied to what Americold labelled traditional trusts; in such a case . . . the trustee is the real party in interest, and so its citizenship, not the citizenships of the trust's beneficiaries, controls the diversity analysis.").  Because the only evidence provided by either party as to the makeup of the three trusts at issue, contained in the Pontoski Declaration, indicates that none of the trustees are domiciled in California, and that the fourth partner of NFI, LP (NFI GP, LLC) has three individuals as members, none of whom are domiciled in, or citizens of, California, the court finds that defendant has met its burden of showing that complete diversity of citizenship exists between plaintiff and NDC.  See 28 U.S.C. § 1332.

      B.    Plaintiff's Intent to Name Doe Defendants

In the alternative, plaintiff argues that this court cannot assert diversity jurisdiction over her claims because she intends to name two California residents, Angela Brown and Nathan Sorenson, as defendants in this action.  (See Mot. to Remand at 2, 4.)  Plaintiff points out that her complaint "clearly identifies" Brown as plaintiff's unit manager and Sorenson as plaintiff's operational manager, and states that Brown and Sorenson "created [an] unhealthy work environment, work under constant pressure and harassment that caused plaintiff's panic and anxiety attacks at work, and that she need [sic] to be put on anxiety medications."  (See id. at 2; Compl. ¶ 20.)

"The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002); see also 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").  Though some the allegations in plaintiff's complaint identify Brown and Sorenson, and allege that their conduct gave rise to the alleged hostile work environment plaintiff experienced, neither individual is named as a party defendant.  (See Compl. ¶¶ 2-5.)

Because plaintiff has not sought leave to amend her complaint to substitute a named defendant, the defendant currently named in the complaint is completely diverse from plaintiff, and there is no debate regarding the satisfaction of the $75,000 requirement, the court finds that this action was removable and will deny plaintiff's motion to remand.[2]

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 3) be, and the same hereby is, DENIED.

---

[2] Counsel advises that plaintiff will later seek leave to amend the complaint to add nondiverse parties.  In the event that occurs, "the court may deny joinder, or permit joinder and remand the action to the State court." Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998) (explaining that if after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, court has discretion to deny).

1 | Dated: February 22, 2021

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE