UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARIA ROSAS,<br><br>             Plaintiff,<br><br>     v.<br><br>NFI INDUSTRIES, AKA NATIONAL DISTRIBUTION CENTERS LLC; and DOES 1 through 50, inclusive<br><br>             Defendants. | No. 2:21-cv-00046 WBS CKD<br><br>ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff Maria Rosas brought this action against her former employer, National Distribution Centers LLC ("NDC"), alleging violations of the California Family Rights Act ("CFRA"), the California Fair Employment and Housing Act ("FEHA"), California Labor Code § 1102.5, intentional infliction of emotional distress ("IIED"), and wrongful termination in violation of California public policy.  (See Compl. (Docket No. 1-1).)  Plaintiff now moves for leave to file a First Amended Complaint, in which she seeks to join two individuals--Angela

1

Brown and Nathan Sorenson, who are both citizens of California for diversity purposes--as defendants.  (See Mot. for Leave to Amend (Docket No. 9).)

I.   Factual and Procedural Background

Plaintiff originally filed her complaint in this matter on November 25, 2020, in San Joaquin County Superior Court.  (See Compl.)  Plaintiff alleged that she "experienced favoritism" while working at NDC because "temporally employees"[1]--who were referred and/or hired by her managers--were treated more favorably by management.  (See Compl. ¶ 16.)  Though these temporary employees had accidents that should have led to instant termination, plaintiff alleged, they were "treated special" and advised how to avoid future accidents.  (Id.)

Plaintiff's complaint identified Angela Brown as plaintiff's manager, and Nathan Sorenson as one of the operations managers at NDC.  (See id. at ¶¶ 17-18.)  Plaintiff alleged that Brown was aware of the favoritism shown towards temporary employees but did nothing about it, and that Sorenson would "constantly criticize" or find fault with her, "giv[e] her a hard time," generally make her work time miserable and unpleasant, and never provide plaintiff with support or encouragement, causing plaintiff to work under pressure and constant fear.  (Id. at ¶¶ 17-19.)  The complaint alleged that Sorenson's conduct caused plaintiff to have panic and anxiety attacks at work, such that she had to be placed on anxiety medications.  (Id. at ¶ 20.)

Though plaintiff's complaint identified Brown and

---

[1]   The court assumes that plaintiff's complaint refers to temporary employees of NDC.

Sorenson by name and position as plaintiff's supervisors, plaintiff only named NDC as a defendant.[2]  Because plaintiff is a California citizen and NDC is a citizen of New Jersey, Pennsylvania, and Texas for purposes of diversity, NDC removed the case to this court on January 8, 2021.  (Docket No. 1.)

Plaintiff then filed a motion to remand, arguing that this court could not assert diversity jurisdiction over her claims because she was "in the process" of naming Brown and Sorenson as Does 1 and 2 from her complaint.  (See Pl.'s Mot. to Remand at 2 (Docket No. 3).)  The court denied plaintiff's motion, noting that, under binding Ninth Circuit precedent, the citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.[3]  See (Docket No. 8 at 8-10); Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002).  At the hearing on plaintiff's motion, plaintiff's counsel indicated that he intended to amend plaintiff's complaint to add Brown and Sorenson as named defendants, which would "kill diversity."  (See Def.'s Opp'n, Ex. A ("Mot. to Remand Hr'g Tr."), at 2:15-24 (Docket No. 12-2).)

---

[2]  Plaintiff's complaint erroneously named defendant as "NFI Industries, AKA National Distribution Centers LLC."  The parties agree that the correct identity of defendant and plaintiff's employer is National Distribution Centers LLC.  Plaintiff seeks to correct defendant NDC's name in her Proposed First Amended Complaint.  (See Pl.'s Mot. for Leave to Amend at 2 (Docket No. 9).)

[3]  The court also rejected plaintiff's argument that the court should consider the traditional trusts that make up NFI, LP--the sole member of defendant--as "unincorporated associations" for the purposes of diversity jurisdiction.  (See Docket No. 8 at 5-8.)

Two days after the court denied plaintiffs' motion to remand, plaintiff filed the instant motion for leave to amend her complaint, to which she attached a proposed First Amended Complaint ("Proposed FAC").  (Docket No. 9-1.)

II. Analysis

Plaintiff contends that her motion is properly evaluated under Federal Rule of Civil Procedure 15, which states that the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.").  However, because plaintiff's proposed amendments to the complaint would destroy diversity, the appropriate standard under which to evaluate plaintiff's motion is provided by 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  See Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011) (Ishii, J.) ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on [Rule 15] to join non-diverse parties." (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999))).

The Ninth Circuit has stated that "the language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."  Newcombe v. Adolf Coors Co., 157 F.3d 686 (9th Cir. 1998).  In this regard, the court has greater discretion in determining whether to allow

4

an amendment to add a non-diverse party that would destroy existing, diversity jurisdiction, than it does under Rule 15. Id. at 691. The court may (1) deny joinder; or (2) permit joinder and remand the action to State court. Id.

In determining whether to grant leave to amend under section 1447, the court considers the following six factors:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication";
>
> (2) whether the statute of limitations would preclude an original action against the new defendants in state court;
>
> (3) whether there has been unexplained delay in requesting joinder;
>
> (4) whether joinder is intended solely to defeat federal jurisdiction;
>
> (5) whether the claims against the new defendant appear valid; and
>
> (6) whether denial of joinder will prejudice the plaintiff.

Davis v. Tower Select Ins. Co., Inc., No. Civ S-12-1593 KJM-CKD, 2013 WL 127724, *2 (E.D. Cal. Jan. 9, 2013). As the following discussion shows, none of these factors favor granting plaintiff leave to amend her complaint in this case.

A.  The Extent to which the new Defendants Should be Joined under Rule 19, as Needed for Just Adjudication

Rule 19(a) provides that joinder is required if, in the absence of the person, "the court cannot accord complete relief among the parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding

5

1  without the person would "impair the person's ability to protect
2  the interest," thus leaving that party susceptible to multiple,
3  or inconsistent obligations.  Fed. R. Civ. P. 19(a).  Joinder
4  under Rule 19 is not mandatory, however, if it would destroy
5  subject matter jurisdiction.  Lopez v. Gen. Motors Corp., 697
6  F.2d 1328, 1332 (9th Cir. 1983).

7  In cases where addition of the person would destroy
8  diversity, joinder is not appropriate where, as here, the absence
9  of the non-diverse defendants "will not prevent complete relief."
10 Id.; Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030,
11 1043-44 (9th Cir. 1983).  Though plaintiff's allegations are
12 aimed at actions taken by the individual defendants, they are not
13 necessary parties because "any alleged liability for [the
14 individual defendants'] actions as [employees would be] imputed
15 to [their] employer under the doctrine of respondeat superior."
16 Calderon v. Lowe's Home Centers, LLC, No. 2:15-cv-01140-ODW-AGR,
17 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015).

18 Under the doctrine of respondeat superior, an employer
19 is vicariously liable for its employee's torts committed within
20 the scope of employment.  Id. (citing Perez v. Van Groningen &
21 Sons, Inc., 41 Cal. 3d 962, 967 (Cal. 1986)).  A plaintiff
22 seeking to hold an employer liable for injuries caused by an
23 employee acting within the scope of her employment is not
24 required to name or join the employee as a defendant.  Id.
25 (citing Perez v. City of Huntington Park, 7 Cal. App. 4th 817,
26 820 (2d Dist. 1992)).

27 Here, plaintiff's complaint already names NDC as a
28 defendant in each of her eight claims.  (See Compl.)  The

6

allegations contained in plaintiff's Proposed FAC do not suggest that Brown or Sorenson took any actions outside the scope of their employment that would give rise to individual liability for any harm caused to plaintiff: plaintiff's claims of harassment and discrimination all arise from allegations that Brown failed to prevent certain employees from being treated more favorably than plaintiff, and that Sorenson would "constantly criticize or find fault with" plaintiff's performance, making her "work time" "miserable and unpleasant." (See Proposed FAC ¶¶ 18-22.) Because the Proposed FAC does not seek any additional relief other than that sought from NDC, the court finds that the individual defendants are not needed for just adjudication, and that this factor weighs against permitting joinder. See Calderon, 2015 WL 3889289, at *4.

      B.    Statute of Limitations

Joinder is favored under the second factor if plaintiff would be time-barred from bringing a new action against the individual defendants by the statute of limitations. See Davis, 2013 WL 127724, at *2. Here, plaintiff does not argue that a new action against the individual defendants would be time-barred. Indeed, plaintiff alleges that her termination occurred on June 3, 2020, well within the three-year statute of limitations provided by the California Government Code for FEHA claims, Cal. Gov't Code § 12960(e) and the two-year state of limitations provided by the California Code of Civil Procedure for suits for IIED claims, Cal. Code Civ. P. § 335.1. This factor weighs against joinder.

      C.    Delay in Requesting Joinder

7

1          Plaintiff filed her motion for leave to amend
2    approximately three months after filing her original complaint
3    and a month and a half after the case was removed to this court.
4    (Docket No. 1.)  While three months is not an unreasonable delay
5    on its face, see Boon v. Allstate Co., 229 F. Supp. 2d 1016, 1023
6    (C.D. Cal. 2002) (three months after original state court filing
7    not an unreasonable delay), "under § 1447(e), [the] court has
8    discretion to deny joinder of a party 'whose identity was
9    ascertainable and thus could have been named in the first
10   complaint.'"  Calderon, 2015 WL 3889289, at *5 (quoting Murphy v.
11   Am. Gen. Life Ins. Co., No. ED CV14-00486 JAK, 2015 WL 542786
12   (C.D. Cal. 2015)).

13         The allegations in plaintiff's complaint reveal that
14   she has been aware of Brown and Sorenson's identities since the
15   outset of this case.  Plaintiff included Brown and Sorenson's
16   full names in the complaint, and alleged that they took actions
17   which form the basis of her claims for harassment,
18   discrimination, and retaliation in violation of California state
19   law.  (See Compl. ¶¶ 17-20.)  Plaintiff's Proposed FAC does not
20   present any new facts pertaining to the individual defendants or
21   expand on her allegations describing their conduct at all--
22   plaintiff simply seeks to name Brown and Sorenson as defendants
23   based on the same alleged conduct included in her original
24   complaint.  (Compare Compl. ¶¶ 17-20 with Proposed FAC ¶¶ 19-22.)
25   Plaintiff provides no reasonable justification for her delay in
26   seeking to join Brown and Sorenson as defendants in this case.
27   See Maldonado v. City of Oakland, C 01 1970 MEJ, 2002 WL 826801,
28   at *6 (N.D. Cal. Apr. 29, 2002) (denying motion for leave to

8

1 amend to add three individual defendants where plaintiff knew of
2 the identities of the proposed defendants at least eight months
3 prior to the inception of the cause of action and the plaintiff
4 could not "adequately explain the undue delay in finally naming
5 them now"). This factor therefore weighs against joinder.

      D. <u>Whether Joinder is Intended to Defeat Diversity</u>

7       Notwithstanding counsel's protestations to the
8 contrary, there is little doubt that plaintiff's motivation for
9 amending her complaint is primarily to destroy diversity so that
10 this action can be remanded to state court. Plaintiff expressly
11 states in her motion for leave to amend that, "[t]hrough the
12 proposed Amended Complaint, Plaintiff also seek [<u>sic</u>] to
13 establish the State Court jurisdiction as this action lacks the
14 requisite complete diversity of the parties . . . ." (Mot. for
15 Leave to Amend at 5.) Plaintiff filed her motion just two days
16 after the court denied her motion to remand--a motion in which
17 plaintiff sought to remand this case because plaintiff was "in
18 [the] process of naming" Brown and Sorenson as defendants.
19 (Pl.'s Mot. to Remand at 4; <u>see also</u> Mot. to Remand Hr'g Tr. at
20 2:15-24 ("there are Does that we're going to add to the complaint
21 . . . instead of dismissing the complaint and refiling, I would
22 just ask that this court remand [the case] back to state court
23 because of diversity issues . . . there wouldn't be no diversity
24 once we add the two defendants.").

25       Given plaintiff's obvious motivation in seeking to
26 amend her complaint, this factor weighs strongly against granting
27 plaintiff's motion.

28       E. <u>Whether Plaintiff's New Claims Appear Valid</u>

9

Under the fifth factor, the court examines whether plaintiff's claims against the individual defendants "seem[] meritorious." IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). The court evaluates the merit of plaintiff's claims under the standard for a Rule 12(b)(6) motion to dismiss set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Davis, 2013 WL 1278724, at *4 (denying amendment to complaint finding "Davis' conclusory allegations, devoid of specific facts, would not survive a motion to dismiss and the court must conclude that her claim has no merit").

        1.    Plaintiff's Claims for Retaliation, Discrimination, and Wrongful Termination

Plaintiff's first, second, fourth, fifth, sixth, and seventh claims against the individual defendants would fail as a matter of law because under the applicable California law discrimination, wrongful termination, and retaliation may only be asserted against employers, not individuals.

Plaintiff's first claim is for retaliation under CFRA. (See Proposed FAC ¶¶ 26-33.)  "CFRA makes it an unlawful employment practice for an employer of 50 or more persons to refuse to grant a request by an employee to take up to 12 workweeks in any 12-month period for family care and medical leave." Faust v. Cal. Portland Cement Co., 150 Cal. App. 4th 864, 878 (2d Dist. 2007) (citing Cal. Gov't Code §§ 12945.2(a), (c)(2)(A)).  To state a claim that an employer retaliated against the employee after the employee took CFRA leave, a plaintiff must

1  first establish that a defendant was <u>an employer</u> covered by CFRA.
2  <u>Id.</u> at 885 (stating elements of a CFRA retaliation claim).
3  Because NDC, not the individual defendants, employed plaintiff,
4  plaintiff cannot sustain her CFRA claim against the individual
5  defendants.  <u>See</u> <u>McLaughlin v. Solano Cnty.</u>, No. 2:07-cv-02498-
6  MCE-GGH, 2008 WL 2977959, at *3 (E.D. Cal. July 28, 2008) ("Under
7  the CFRA, individual supervisors may not be sued."); <u>Miskuski v.</u>
8  <u>Crescent Heights of Am., Inc.</u>, 2007 U.S. Dist. LEXIS 37223, at
9  *14 (S.D. Cal. May 21, 2007) ("Under the plain meaning of the
10 statute, individual supervisors cannot be sued for retaliation
11 under the CFRA.")

12        Plaintiff's second, fourth, fifth, and sixth claims
13 allege that plaintiff was discriminated against in violation of
14 FEHA and wrongfully terminated in violation of California public
15 policy.  (<u>See</u> Proposed FAC ¶¶ 34-39, 46-68.)  Similar to CFRA,
16 plaintiff's FEHA discrimination and wrongful termination claims
17 would fail because such claims do not give rise to individual
18 liability under California law--they may only be brought against
19 an employer.  <u>See</u> <u>Reno v. Baird</u>, 18 Cal. 4th 640, 663-64 (Cal.
20 1998) (holding that supervisors may not be sued individually
21 under FEHA for alleged discriminatory acts and may not be held
22 liable for wrongful discharge in violation of public policy).

23        Plaintiff's seventh claim is for retaliation in
24 violation of California Labor Code § 1102.5.  "Labor Code section
25 1102.5 is a whistleblower statute, the purpose of which is to
26 encourage workplace whistle-blowers to report unlawful acts
27 without fearing retaliation."  <u>United States ex rel. Lupo v.</u>
28 <u>Quality Assurance Servs., Inc.</u>, 242 F. Supp. 3d 1020, 1029 (S.D.

Cal. 2017) (quoting Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 287 (Cal. 2006) (internal quotations and alterations omitted)).  The statute provides in relevant part: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute . . . ."  Cal. Lab. Code § 1102.5.

The statute was amended, effective January 1, 2014, to include the addition of "or any person acting on behalf of the employer" instead of solely referring to "[a]n employer."  Bales v. Cnty. of El Dorado, No. 2:18-cv-01714-JAM-DB, 2018 WL 4558235 (E.D. Cal. Sep. 20, 2018).  Plaintiff does not cite to, and the court is not aware of, any California court that has addressed the issue of whether supervisors may be held individually liable under § 1102.5 since the statute's amendment.  See id. ("No California court has addressed the issue of individual liability since the amendment to the language.").  Numerous federal courts, however, have granted motions to dismiss § 1102.5 claims brought against individual defendants since the statute's amendment, largely on the ground that the California Supreme Court has interpreted similar statutory language to preclude individual liability.  See id.; Tillery v. Lollis, No. 1:14-cv-02025-KJM, 2015 WL 4873111, at *10 (E.D. Cal. Aug. 13, 2015) (citing Reno, 18 Cal. 4th at 640; Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158 (Cal. 2008)).  The court agrees with those district

1  courts, and finds that plaintiff's seventh claim would also
2  likely fail because § 1102.5 does not impose individual
3  liability.

### 2. Plaintiff's Harassment Claim

To state a claim for harassment, a plaintiff must allege that (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the harassment was so severe or pervasive that it created a hostile work environment. Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013). The totality of plaintiff's allegations regarding Brown, Rosas' manager, are (a) that plaintiff "experienced favoritism all the time while working at NDC" because temporary employees that were referred or hired by her managers would have accidents which should have led to instant termination; (b) management overlooked those mistakes and accidents, and instead of firing the temporary employees, would advise them how to avoid future accidents; (c) plaintiff's own performance was "under scored" for her entire tenure at NDC; and (d) Brown was aware of the favoritism shown towards temporary employees but did nothing about it. (Proposed FAC ¶¶ 18-19.)

Notably absent from plaintiff's Proposed FAC is any allegation that plaintiff is a member of a protected group. Although the Proposed FAC's section for the "Third Cause of Action" indicates that her claim is for "race harassment," none of plaintiff's allegations even suggest that Brown's conduct was taken because of plaintiff's race--in fact, the only basis upon which plaintiff alleges certain employees received more favorable treatment is the length of time they had spent working for NDC.

13

1  (See FAC ¶¶ 18-19.)  Because plaintiff does not allege that Brown
2  punished her for the same sorts of accidents for which temporary
3  employees were excused, it is not clear that plaintiff's
4  allegations have any bearing on Brown's treatment of plaintiff,
5  let alone that they constitute harassment.  Finally, personnel
6  actions, including discipline, cannot constitute harassment as a
7  matter of California law.  See Lawler, 704 F.3d at 1244 (holding
8  that personnel management actions such as hiring and firing, job
9  or project assignments, promotions or demotions, and performance
10 evaluations do not constitute harassment under FEHA).
11 Plaintiff's allegations therefore likely fails to state a claim
12 for FEHA harassment against Brown.  See id.

13         Plaintiff's allegations against Sorenson are similarly
14 defective.  Plaintiff alleges that Sorenson gave her a "hard
15 time," "ma[de] her work time miserable and unpleasant,"
16 "constantly criticized" her performance, and "never provided
17 support and encouragement, even [though] Ms. ROSAS was able to
18 handle and manage certain accounts, for which usually was
19 required to be handled by several employees."  (Proposed FAC
20 ¶¶ 20-21.)  Not only do these allegations fail to rise to the
21 requisite level of "severe or pervasive" harassment necessary to
22 support an actionable claim, see Lyle v. Warner Brothers
23 Television Prods., 38 Cal. 4th 265, 295 (Cal. 2006) ("the FEHA is
24 'not a civility code'" (quoting Sheffield v. Los Angeles Cnty.
25 Dep't of Soc. Servs., 109 Cal. App. 4th 153, 161 (2d Dist.
26 2003)), plaintiff's allegations again wholly fail to indicate
27 that Sorenson's treatment was based upon plaintiff's membership
28 in any protected class.  See Lawler, 704 F.3d at 1244.

1  Accordingly, plaintiff's FEHA harassment claim against Sorenson
2  would also fail.
3         3.   Plaintiff's IIED Claim
4         To state a claim for intentional infliction of
5  emotional distress, a plaintiff must allege that a defendant
6  intentionally caused the plaintiff to experience "severe or
7  extreme emotional distress" by engaging in "extreme and
8  outrageous conduct."  Hughes v. Pair, 46 Cal. 4th 1035, 1050-51
9  (Cal. 2009).  "Liability for intentional infliction of emotional
10 distress 'does not extend to mere insults, indignities, threats,
11 annoyances, petty oppressions, or other trivialities.'"  Id.
12 (citing Rest. 2d Torts § 46, com. d)).  Rather, for a defendant's
13 conduct to be "outrageous," it must be "so extreme as to exceed
14 all bounds of that usually tolerated in a civilized community."
15 Id. (quoting Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th
16 965, 1001 (Cal. 1993)).
17        Here, plaintiff's allegations plainly do not describe
18 behavior by Brown or Sorenson that is "so extreme as to exceed
19 all bounds of that usually tolerated in a civilized community."
20 (See Proposed FAC ¶¶ 18-22.)  Plaintiffs' IIED claim against the
21 individual defendants therefore would also fail.
22    F.   Prejudice to Plaintiff of Denying Joinder
23        Finally, the sixth factor also favors denial of
24 plaintiff's motion because plaintiff has not shown that she will
25 be prejudiced if Brown and Sorenson are not joined.  As discussed
26 above, plaintiff can ultimately obtain complete recovery on all
27 of her claims from NDC under the doctrine of respondeat superior.
28        Because each of the six factors the court must consider

15

under 28 U.S.C. § 1447 weigh against joinder, the court will deny plaintiff's motion for leave to amend her complaint.  See Hardin, 813 F. Supp. 2d at 1173.

IT IS THEREFORE ORDERED THAT plaintiff's motion for leave to file a First Amended Complaint (Docket No. 9) be, and the same hereby is, DENIED.

Dated: April 6, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE